McKAY, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority’s resolution of Defendant’s minor-participant and ineffective-assistance claims. However, as for the U.S.S.G. § 2Dl.l(b)(l) firearm enhancement, it is my view that the courts have improperly abandoned the search for evidence to support the foreseeability element in favor of a judge-made presumption that the possession of firearms by co-conspirators should be reasonably foreseeable to anyone with a non-minimal role in a large-scale drug conspiracy. I therefore dissent from the majority’s rejection of Defendant’s challenge to this enhancement.
The majority concludes that Defendant could have reasonably foreseen that his co-conspirators would possess guns at their drug stash house based on his “involvement in the conspiracy, presence at the Bunker Avenue house, knowledge that the house was a drug stash house, and the large amount of drugs found hidden and in plain view at the house.” (Majority Op. at 371-72.) However, none of these facts demonstrate that Defendant knew or should have known of the firearms hidden in a false ceiling in a house he visited once. While Defendant had more than minimal involvement in the conspiracy, he was not in the upper echelon of leadership. Unlike *376 his co-conspirator Hector Moreira, whose sentence was affirmed by a panel of this court in United States v. Moreira, 317 Fed.Appx. 745, 748-49 (10th Cir.2008), he did not have a supervisory role over the co-conspirator or co-conspirators who possessed the firearms. And, while the record supports an inference that Defendant knew the Bunker Avenue house was a drug stash house and may even have seen drugs at the house on his one documented visit there, I am unwilling to presume that Defendant should have foreseen from the mere presence of drugs that guns would also be found somewhere in the house. Our cases have held that a jury may reasonably infer that a firearm found in a drug dealer’s possession was possessed by this dealer in furtherance of a drug trafficking offense because “[d]rug traffickers may carry weapons to protect their merchandise, their cash receipts, and to intimidate prospective purchasers.” United States v. Nicholson, 983 F.2d 983, 990 (10th Cir.1993). However, I would not reason from this generality that weapons will almost inevitably be found where drugs are located, rendering their presence reasonably foreseeable to any conspirators who know that their co-conspirators have stashed drugs somewhere.
Although the majority states that it “expressly eschew[s] reliance on anything akin to a presumption that a defendant’s participation in a large scale drug conspiracy per se — at any minimal level or to any minimal degree — renders his or her co-conspirator’s possession of firearms reasonably foreseeable,” (Majority Op. at 372-73 n. 7), the majority then implicitly relies on a presumption that a defendant with a non-minimal role in a large-scale drug conspiracy should reasonably foresee that his co-conspirators will possess firearms. The majority points to no evidence supporting a finding of foreseeability absent the application of such a presumption. The government presented no evidence that Defendant was ever present when any co-conspirators mentioned, used, displayed, or carried any firearms. Indeed, the government presented no evidence that any coconspirators ever mentioned, used, displayed, or carried firearms at all. Nor did the government present evidence that any co-conspirators ever engaged in violence of any sort. Particularly where there is no evidence that any of Defendant’s co-conspirators ever engaged in violence, displayed or mentioned weapons, or otherwise gave Defendant reason to suspect that they possessed firearms, I would not conclude that Defendant should have foreseen a coconspirator’s firearm possession based simply on the fact that his co-conspirators stashed and distributed large quantities of narcotics. I am not persuaded that Defendant’s mid-level role in the conspiracy makes such a presumption of foreseeability permissible. I am unable to see how Defendant’s participation in multiple non-violent drug transactions should somehow have imparted to him an awareness that a co-conspirator had firearms.
I am convinced that the government did not meet its burden of showing by a preponderance of the evidence that the constructive possession of firearms by one of Defendant’s co-conspirators was reasonably foreseeable to Defendant, and I would accordingly conclude that the district court’s finding was clearly erroneous. I therefore dissent from this portion of the majority’s decision.